UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KY USA ENERGY, INC., et al., | ) | CASE NO.: 10-11424(1)(11) |
| | ) | JOINTLY ADMINISTERED |
| | ) | |
| Debtor(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Expedited Motion of Debtor KY USA Energy, Inc. ("Debtor") to Compel Compliance with Farmout Agreements and Turnover of Property of the Estate. The Court considered the Response of K & D Energy and Thomasson Petroleum and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

The Court determines that the Farmout Agreements on the two wells commonly referred to as the "J. Jackson #1" and "Swinney #1" wells are not executory contracts and not subject to the requirements of 11 U.S.C. §365. Debtor and K & D Energy entered into a Farmout Agreement requiring K & D Energy to execute and deliver an assignment of the working interest of each well completed by Debtor. See paragraph 3 of the Farmout Agreement dated March 16, 2009, attached as Exhibit A to Debtor's Motion. The Court is convinced that the J. Jackson #1 and Swinney #1 wells have been completed, that Debtor requested that K & D Energy provide the assignments, and that K & D Energy failed to provide the assignments.

In response to the Debtor's Motion, K & D Energy contends that the Farmout Agreement is executory and should be assumed or rejected by Debtor pursuant to 11 U.S.C. §365. The generally accepted definition of an executory contract is a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other. V. Countryman, Executory Contracts in Bankruptcy, Part I, 57 Minn. L. Rev. 439, 460 (1973). The Sixth Circuit found this definition helpful, but in In re Jolly, 574 F.2d 349 (6th Cir. 1978), the Court concluded that the trial court should work backward from an examination of the purposes to be accomplished by rejection and, if they have been accomplished, then the contract cannot be said to be executory. It does not include a contract fully performed by one of the parties. In re Farrar McWill, Inc., 26 B.R. 313, 314 (Bankr. W.D. Ky. 1982); In re National Financial Realty Trust, 226 B.R. 586 (Bankr. W.D. Ky. 1998). K & D Energy judicially admitted in its Complaint against Debtor in A.P. No. 10-11424 that it fully completed its obligations under the Farmout Agreements. See, paragraph 22 of the Complaint. Based on the above analysis, the Farmout Agreement is not executory.

Additionally, case law is clear that an oil and gas lease is not truly a lease but rather a conveyance of an interest in realty. This is the prevailing law in Kentucky. See, Union Gas & Oil Co. v. Wiedemann Oil & Gas Co., 211 Ky. 361, 277 S.W. 323 (1924); Ralston v. Thacker, 932 S.W.2d 384 (Ky. App. 1996). Accordingly, the Farmout Agreement is not subject to the provisions of 11 U.S.C. §365, as it is not an executory contract or an unexpired lease.

The January 10, 2010 Farmout Agreement between Debtor and Thomasson Petroleum Enterprises, Inc. requires Thomasson to assign to Debtor each permitted well successfully completed

by Debtor.  See, paragraph 3 to Exhibit B to Debtor's Motion.  Debtor contends it has successfully completed the well referred to as "Hardison #1" and that Thomasson has failed to provide it with the assignment.  Thomasson disputes that the well has been completed.

The terms of the January 10, 2010 Farmout Agreement are different than those of the March 2009 Farmout Agreement with K & D Energy.  Thomasson disputes Debtor's contention that the terms of the Farmout Agreement have been fully complied with and that the assignment is due.  Debtor has not complied with the payment terms under the Farmout Agreement related to Hardison #1 well.  Furthermore, the time period within which Debtor has to perform under the Farmout Agreement has not yet passed.  Accordingly, Debtor has no right to compel the assignment related to the Hardison #1 well.

## CONCLUSION

For all of the above reasons, the Expedited Motion of Debtor KY USA Energy, Inc. to Compel Compliance with Farmout Agreements and Turnover of Property of the Estate is **GRANTED IN PART AND DENIED IN PART**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  December 2, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KY USA ENERGY, INC., et al., | ) | CASE NO.: 10-11424(1)(11) |
| | ) | JOINTLY ADMINISTERED |
| | ) | |
| Debtor(s) | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Expedited Motion of Debtor KY USA Energy, Inc. to Compel Compliance with Farmout Agreements and for Turnover of Property of the Estate, be and hereby is, **GRANTED IN PART AND DENIED IN PART**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 2, 2010