UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| KY USA ENERGY, INC., et al. | ) | |
| | ) | CASE NO. 10-11424 |
| Debtors | ) | (JOINTLY ADMINISTERED) |
| | ) | |

**DEBTOR'S THIRD AMENDED APPLICATION TO EMPLOY CONSULTANT AND APPOINT CHIEF RESTRUCTURING OFFICER**

** ** **

Comes now the Debtor-in-Possession, KY USA Energy, Inc. ("KY USA Energy" and/or the "Debtor"), by and through counsel, and pursuant to 11 U.S.C. §§ 327 and 328 and FED. R. BANKR. P. 2014, and moves the Court for an order authorizing the employment of White Stone Energy, LLC ("White Stone"), *nunc pro tunc* to September 24 , 2010, to serve as a consultant for the Debtor, and for Burt Williams of White Stone to serve as Chief Restructuring Officer for Debtor. As grounds for this Motion, the Debtor states as follows:

1. This application is being amended to cure the deficiencies raised by the United States Trustee in his objection filed on December 15, 2010, Docket No. 126. Specifically, the application is being amended to comport with 11 U.S.C. § 328, and the $150,000 severance fee will be waived.

2. On September 14, 2010 (the "Petition Date"), Debtor filed a voluntary petition commencing the above-styled case, seeking relief under chapter 11 of the Bankruptcy Code. The assets of the Debtor have remained in its possession, and the Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107 and 1008 of the Bankruptcy Code.

3. KY USA Energy is currently operating gas wells that it has drilled, constructed and developed along with gathering pipelines on a leasehold estate covering approximately 3,000 acres in Christian, Muhlenberg, and Todd Counties, Kentucky.

4. White Stone is a Texas limited liability company with its principal office at 801 Travis, Suite 2150, Houston, Texas 77002. White Stone is in the business of evaluating, managing, operating, and providing technical and reporting services in the upstream oil and gas sector.

5. The Debtor has selected White Stone to provide support and expert advice on the management, financial, commercial, land, engineering, technical and operations aspects of Debtor's business. White Stone's services will include the review and evaluation of the current operations, management, engineering practices and applications of the business along with a review and analysis of the financial, accounting, and bookkeeping of the Debtor's business.

6. The Debtor has discussed with White Stone the availability to be employed as the Debtor's consultant in this case and to perform the services required by the estate. The applicant is informed and believes that White Stone has the appropriate skills and personnel needed to perform the services required.

7. In addition to serving as a consultant, the Debtor moves to appoint Burt Williams of White Stone as the Debtor's Chief Restructuring Officer for the Debtor to assist the Debtor with its reorganization, the oil and gas operations and the business operations of the Debtor. Mr. Williams' services as Chief Restructuring Officer will be provided through White Stone.

8. The Declaration of Burt Williams is attached hereto as Exhibit A. Attached as Exhibit B is the revised proposed Management Service Agreement with White Stone.

9. The services of White Stone are necessary to analyze and assist with Debtor's business operations and prepare internal financial reports for the Debtor. Except for the period commencing September 24, 2010 through the entry of an order approving the retention (the "Gap Period"), the Debtor will be charged a fixed fee ("Monthly Fee") per month for these services for a two (2) month term, continuing month to month thereafter. For the Gap Period, White Stone will be paid $50,000. White Stone will also be advanced a retainer of $60,000.00, for application to White Stone's final invoice.

10. The fixed Monthly Fee requested by White Stone Energy, LLC ("White Stone") is appropriate under section 328(a) of the Bankruptcy Code.[1] The Debtors submit that the White Stone's fees are appropriate and are in an amount typical of White Stone's relationship with its other clients, in and out of Chapter 11 proceedings.

11. Additionally, the Debtor requests a waiver of White Stone having to file detailed fee applications. Other than the Gap Period compensation, White Stone seeks compensation on a flat-fee basis. These fees are customary for the services provided by White Stone to chapter 11 debtors in the ordinary course of White Stone's business and in the oil and gas service industry. As such, submission of detailed time entry is unnecessary and would be unduly burdensome to White Stone. The Debtor further proposals that White Stone submit only a final fee application

[1] Moreover, the retention of corporate officers is proper under section 363 of the Bankruptcy Code. Courts recognize the applicability of section 363(b) to the use of estate property to compensate individuals employed outside the ordinary course of business. See In re First Svcs. Corp., 25 B.R. 66, 69 (Bankr. D. Conn. 1982). Indeed, courts have relied upon 363(b) as the basis upon which to employ and compensate professionals to serve as officers or other management-level personnel employed by the debtor. See, e.g., Fedders North Am., Inc., Case No. 07-11176 (BLS) (Bankr. D. Del. Sept. 19, 2007) (approving retention of crisis managers to provide CRO and other personnel); MediCor Ltd., Case No. 07-10877 (MFW) (Bankr. D. Del. Aug. 24, 2007) (same); Radnor Holdings Corp., Case No. 06-10894 (PJW) (Bankr. D. Del. Sept. 21, 2006) (same); In re SLI, Inc., Case No. 02-12608 (MFW) (Bankr. D. Del. Oct. 28, 2002) (approving retention of crisis managers to provide CRO and other officers for debtors to employ); In re Kasper A.S.L., LTD., et al., Case No. 02-10497 (ALG) (Bankr. S.D.N.Y. April 12, 2002) (approving retention of crisis managers to provide CRO); In re Hayes Lemmerz Int'l, Inc., Case No. 01-11490 (MFW) (Bankr. D. Del. Mar. 20, 2002) (approving retention of crisis managers to provide CFO, CRO, CAO and other officers for debtors).

that sets forth: (i) total compensation based on the monthly fees; (ii) a summary of the activities undertaken by White Stone professionals; and (iii) a detailed description of the expenses advanced by White Stone for which it requests reimbursement.

12. The purpose of the Bankruptcy Code's provisions requiring Court approval before a professional may be hired by a debtor-in-possession is to ensure both that the professional's employment is necessary to the estate and that the professional is disinterested. *In re That's Entertainment Marketing Group, Inc.*, 168 B.R. 226, 229 (N.D. Cal. 1994). The Debtor has investigated and is of the belief that White Stone is a disinterested person within the meaning of 11 U.S.C. § 101.

13. The power of a debtor-in-possession to employ a professional to assist business operations requires that there be prior Court authorization, which should be given if the Court finds that the professional services are reasonably necessary to administration of the estate. *In re Zeus America Management Consultants*, 27 B.R. 853, 854 (Bankr. N.D. Oh. 1983). Because of the nature of the services to be provided by White Stone and its familiarity with the oil and gas business, it is uniquely qualified and situated to provide necessary services for the Debtor's operations. Debtor submits that due to the size, complexity, and current status of its company, White Stone's services will be instrumental in helping the Debtor position itself for a successful chapter 11 case, are necessary to assist in business operations and will greatly benefit the estate and creditors.

WHEREFORE, the Debtor requests authorization to employ White Stone Energy, LLC as its consultant and Chief Restructuring Officer during the pendency of this Chapter 11 case.

Electronically filed this day, December 20, 2010.

HARNED BACHERT & MCGEHEE PSC
324 East Tenth Street
Post Office Box 1270
Bowling Green, Kentucky 42102-1270
Telephone: 270-782-3938
Facsimile: 270-781-4737
Email: bachert@hbmfirm.com

/s/ Scott A. Bachert
SCOTT A. BACHERT
WILLIAM F. CODELL

Certificate of Service:

This is to certify that on this day, December 20, 2010, a true and correct copy of the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all ECF users in this case.

/s/ Scott A. Bachert
SCOTT A. BACHERT
WILLIAM F. CODELL